## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY FRANCHI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | CLASS ACTION |
| SONIC CORP., J. CLIFFORD HUDSON, TONY D. BARTEL, R. NEAL BLACK, STEVEN A. DAVIS, LAUREN R. HOBART, S. KIRK KINSELL, KATE S. LAVELLE, FEDERICO F. PEÑA, JEFFREY H. SCHUTZ, KATHRYN L. TAYLOR, and SUSAN E. THRONSON, | ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on September 25, 2018 (the "Proposed Transaction"), pursuant to which Sonic Corp. ("Sonic" or the "Company") will be acquired by Inspire Brands, Inc. and SSK Merger Sub, Inc. (together, "Inspire Brands").

2.      On September 24, 2018, Sonic's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Inspire Brands.  Pursuant to the terms of the Merger Agreement, Sonic's stockholders will receive $43.50 in cash for each share of Sonic common stock they hold.

3.      On October 22, 2018, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Sonic common stock.

9.      Defendant Sonic is a Delaware corporation and maintains its principal executive offices at 300 Johnny Bench Drive, Oklahoma City, Oklahoma 73104.  Sonic's common stock is

traded on the NasdaqGS under the ticker symbol "SONC."  Sonic is a party to the Merger Agreement.

10.     Defendant J. Clifford Hudson is Chairman of the Board and Chief Executive Officer of the Company.

11.     Defendant Tony D. Bartel is a director of the Company.

12.     Defendant R. Neal Black is a director of the Company.

13.     Defendant Steven A. Davis is a director of the Company.

14.     Defendant Lauren R. Hobart is a director of the Company.

15.     Defendant S. Kirk Kinsell is a director of the Company.

16.     Defendant Kate S. Lavelle is a director of the Company.

17.     Defendant Federico F. Peña is a director of the Company.

18.     Defendant Jeffrey H. Schutz is a director of the Company.

19.     Defendant Kathryn L. Taylor is a director of the Company.

20.     Defendant Susan E. Thronson is a director of the Company.

21.     The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Sonic (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23.     This action is properly maintainable as a class action.

24.     The Class is so numerous that joinder of all members is impracticable.  As of September 21, 2018, there were approximately 35,586,747 shares of Sonic common stock

outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25.     Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

29.     Sonic is the nation's largest drive-in restaurant chain serving approximately 3 million customers each day.

30.     On September 24, 2018, Sonic's Board caused the Company to enter into the Merger Agreement with Inspire Brands.

31.     Pursuant to the terms of the Merger Agreement, Sonic's stockholders will receive $43.50 in cash for each share of Sonic common stock they hold.

32.     According to the press release announcing the Proposed Transaction:

Sonic Corp. ("Sonic") (NASDAQ: SONC) and Inspire Brands, Inc. ("Inspire") today announced that they have entered into a definitive merger agreement under which Inspire will acquire Sonic for $43.50 per share in cash in a transaction valued at approximately $2.3 billion including the assumption of Sonic's net debt.

Inspire is a multi-brand restaurant company whose portfolio includes more than 4,700 Arby's, Buffalo Wild Wings, and Rusty Taco locations worldwide. Following the completion of the transaction, Sonic will be a privately-held subsidiary of Inspire and will continue to be operated as an independent brand.

The agreement, which has been unanimously approved by Sonic's Board of Directors, represents a premium of approximately 19% per share to Sonic's closing stock price on September 24, 2018 and a premium of approximately 21% to Sonic's 30-day volume-weighted average price. . . .

Transaction Details

The transaction is subject to the approval of Sonic shareholders and the satisfaction of customary closing conditions, including applicable regulatory approvals, and will close by the end of the year.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

33.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

34.     As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction.

35.     The Proxy Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Guggenheim Securities, LLC ("Guggenheim").

36.     With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) unlevered free cash flows and all underlying line items; (ii) all line items used to calculate Company Operated 4-Wall EBITDA; (iii) all line items used to calculate Adjusted EBITDA; and (iv) a reconciliation of all non-GAAP to GAAP metrics.

37.     With respect to Guggenheim's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the projected after-tax unlevered free cash flows used by Guggenheim in the analysis and all underlying line items; (ii) the terminal value for Sonic; (iii) the inputs and assumptions underlying the discount rate range of 7.25%-8.50%; and (iv) Guggenheim's basis for applying perpetual growth rates of 1.50%-2.50%.

38.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39.     Additionally, the Proxy Statement fails to disclose whether the Company entered into any confidentiality agreements that contained "don't ask, don't waive" provisions that are or were preventing the counterparties from requesting waivers of standstill provisions to submit superior offers to acquire the Company.

40.     Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

41.     The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Recommendation of the Sonic Board of Directors and Reasons for the Merger; (iii) Opinion of Sonic's Financial Advisor; and (iv) Projected Financial Information.

42.     The omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Sonic

43.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Sonic is liable as the issuer of these statements.

45.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

46.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

47.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

48.     The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

49.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

50.     Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

51.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52.     The Individual Defendants acted as controlling persons of Sonic within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Sonic and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

Case 1:18-cv-01724-MN   Document 1   Filed 11/01/18   Page 9 of 10 PageID #: 9

54.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

55.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

56.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as

well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for

plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  November 1, 2018                         **RIGRODSKY & LONG, P.A.**

                                        By:   */s/ Gina M. Serra*
                                              Brian D. Long (#4347)
**OF COUNSEL:**                               Gina M. Serra (#5387)
                                              300 Delaware Avenue, Suite 1220
**RM LAW, P.C.**                              Wilmington, DE 19801
Richard A. Maniskas                           Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300               Facsimile: (302) 654-7530
Berwyn, PA 19312                              Email: bdl@rl-legal.com
Telephone: (484) 324-6800                     Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com                        *Attorneys for Plaintiff*